UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENRIQUE RUIZ, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>   -against-<br><br>JHDHA, INC., WARDORP FOODS, INC., ANGEL'S SPOT INC., and ANGEL AMIGON,<br><br>        Defendants. | 23-CV-7896 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  Before the Court is Plaintiff Enrique Ruiz's motion for default judgment against Defendants JHDHA, Inc. and Angel Amigon. ECF No. 28. For the reasons stated herein, the Court GRANTS default judgment against the Defendants for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

## BACKGROUND

  Plaintiff commenced this action on September 6, 2023. ECF No. 1 ("Compl."). On September 19, 2023, a copy of the Summons and Complaint was served on JHDHA, Inc., and proof of service was filed on December 8, 2023. ECF No. 11. On September 11, 2023, a copy of the Summons and Complaint was served on Angel Amigon, and proof of service was filed on December 8, 2023. ECF No. 10. Defendants have failed to do respond. On January 16, 2024, the Clerk of Court entered a Certificate of Default against each Defendant. ECF Nos. 21, 22.

  On April 8, 2024, Plaintiff moved for default judgment against the Defendants. On April 10, 2024, the Court issued an Order to Show Cause regarding default judgment. ECF No. 32. Defendants have not responded.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, there are two steps involved in entering judgment against a party who has failed to defend: entry of default, and the entry of default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id*. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

A defendant against whom default is entered is deemed to have admitted the well-pleaded factual allegations in the complaint establishing liability. *See* Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). Nonetheless, the district court "must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Cafe Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

## DISCUSSION

Plaintiff alleges the following causes of action: (1) minimum wage and overtime violations under the FLSA; (2) minimum wage and overtime violations under the NYLL; (3) wage notice violations under the NYLL; (4) wage-statement violations under the NYLL; and (5) spread-of-hours pay violations under the NYLL. Compl. ¶¶ 61–91. Plaintiff seeks damages for each violation, liquidated damages, prejudgment interest, and attorneys' fees and costs.

I.      **Unpaid Overtime and Minimum Wage Claims**

To state an FLSA wage claim, a plaintiff must allege that: (1) he was the defendant's employee; (2) his work involved interstate activity; and (3) he worked for hours for which he did not receive minimum and/or overtime wages. *See Tackie v. Keff Enter., Inc.*, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *2 (S.D.N.Y. Sept. 16, 2014). "Courts apply the same analysis for FLSA and NYLL wage and hour violations, except that the NYLL does not require plaintiffs to show a nexus with interstate commerce or a minimum amount of annual sales." *Id.* at *2 n.2 (citation omitted). "[T]o recover for unpaid overtime wages, the FLSA requires that plaintiffs have worked compensable overtime in a workweek longer than forty hours, and that they were not properly compensated for that overtime." *Li v. SMJ Constr. Inc.*, No. 19-CV-5309 (PGG), 2022 WL 4463225, at *4 (S.D.N.Y. Sept. 26, 2022) (citation omitted).

Each of these elements are satisfied here. First, the allegations in the Complaint are sufficient to establish that Plaintiff was an employee of Defendants under the FLSA. To determine whether Defendants were Plaintiff's "employer" for FLSA purposes, courts examine the "economic reality" of the employment relationship considering four factors, namely, whether the alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104–105 (2d Cir. 2013) (internal quotation marks and citation omitted). Here, Plaintiff alleges that Defendants controlled the terms and conditions of his employment, determined the rate and method of compensation, and had the power to hire and fire him. *See* Compl. ¶¶ 14–15, 30–31, 33–41.

3

Next, Plaintiff's allegations establish that Defendants were engaged in interstate commerce. "An employee is covered by the FLSA if [he] is 'employed in an enterprise engaged in [interstate] commerce or in the production of goods for [interstate] commerce.'" *Zokirzoda v. Acri Café Inc.*, No. 18-CV-11630 (JPO), 2020 WL 359908, at *2 (S.D.N.Y. Jan. 22, 2020) (quoting 29 U.S.C. §§ 206(a), 207(a)(1)) (second and third alterations in original). Additionally, to state a minimum wage or overtime claim under the FLSA, a plaintiff must allege that the employer's enterprise has an annual gross volume of sales of at least $500,000. 29 U.S.C. § 203(s)(1)(A)(ii). According to the Complaint, Defendants have employees engaged in commerce or the production of goods and services for commerce, and had a gross annual volume of sales not less than $500,000. Compl. ¶¶ 10–11, 29–30, 33–35.

Finally, Plaintiff sufficiently established that he did not receive minimum or overtime wages. "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about his salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Rodriguez v. Franco Realty Assocs., LLC*, No. 22-CV-6380 (JPO), 2023 WL 8762994, at *3 (S.D.N.Y. Dec. 19, 2023) (citing *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007)). "Likewise, to state an FLSA overtime claim, a plaintiff must allege only that he worked more than forty hours of compensable overtime in a workweek, and that he was not properly compensated for that overtime." *Id.* (citing *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013)).

According to the Complaint, Plaintiff worked 51 hours each week from September 2022 through and including July 2023.[1] Compl. ¶ 46. He was compensated $13 per hour from

---

[1] The Complaint states that Plaintiff worked from "11:00 a.m. to 12:00 p.m. (*i.e.* 13 hours per day) on Saturdays." Compl. ¶ 46. Given that the 13-hour Saturday work-day is consistent with the allegations throughout the remainder of the Complaint, the Court presumes that the Complaint was intended to read that Plaintiff worked from "11:00 a.m. to 12:00 a.m. (*i.e.* 13 hours per day) on Saturdays."

4

September 2022 to December 2022, and $14 per hour from January 2023 through July 2023. *Id.* ¶¶ 47–48. These allegations provide sufficient information about Plaintiff's salaries and working hours. Thus, Plaintiff states a claim for failure to pay minimum and overtime wages in violation of the FLSA and NYLL. Based on the information provided in the Complaint and the lawful minimum wage and overtime rates of $15 and $22.50, Plaintiff is entitled to $2,588.57 in unpaid minimum wages and $4,581.50 in unpaid overtime.

## II.     Wage Notice and Wage Statement Claims

The Wage Theft Prevention Act of the NYLL requires that employers provide each employee with annual wage notices and accurate wage statements each time wages are paid. *See* N.Y. LAB. LAW §§ 195(1)(a) and (3) (McKinney 2024). An employer is required to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee . . . a notice containing . . . the rate or rates of pay thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other . . . allowances." *Id.* § 195(1)(a). Employers are also required to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof . . . allowances, if any, claimed as part of the minimum wage . . . and net wages." *Id.* § 195(3).

However, to have standing to maintain a wage notice or wage statement claim under the NYLL, a plaintiff must allege that he suffered "downstream consequences resulting from the failure to receive [that] information . . . ." *Pinzon v. 467 Star Deli Inc.*, No. 22-CV-6864 (JGK) (SLC), 2023 WL 5337617, at *11 (S.D.N.Y. July 31, 2023), *report and recommendation adopted*, No. 22-CV-6864 (JGK), 2023 WL 5334757 (S.D.N.Y. Aug. 18, 2023) (internal

quotation marks and citation omitted). An "informational injury" itself is insufficient to establish standing. *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 307 (2d Cir. 2024). Instead, a plaintiff may successfully establish standing by "plausibly show[ing] that defective notices led him or her to loses wages . . . ." *Id.* at 310. For example, a plaintiff who argues that inadequate wage statements or notices deprived them of the opportunity to advocate for pay must show that "he or she would have undertaken such advocacy and plausibly would have avoided some actual harm[]." *Id.* at 308. Speculation and conjecture are insufficient to establish standing. *Id.* at 309.

Plaintiff alleges that Defendants failed to provide him with a written wage notice as required by NYLL Section 195(1). Compl. ¶ 53. Plaintiff additionally alleges that Defendants did not provide them with wage statements at required by NYLL § 195(3). *Id.* ¶ 52. Plaintiff also alleges that the failure to provide wage notices and wage statements resulted in the underpayment of wages. *Id.* ¶ 55. However, Plaintiff's allegation is conclusory, and fails to show a plausible theory regarding how the inadequate statements led to the underpayment of wages. The Complaint does not allege how Plaintiff would have advocated for proper wages or how such advocacy might have led to increased pay. Plaintiff does not have standing to recover under the NYLL wage notice and statement provisions.

### III.   Spread-of-Hours Claims

Under the NYLL, employers are required to pay covered employees one additional hour of pay at the basic minimum hourly rate on each day on which an employee worked more than ten hours. 12 N.Y. COMP. CODES R.& REGS. TIT 12, § 146-1.6(a). Plaintiff alleges that from September 2022 through and including July 2023, he worked more than ten-hour days twice a week, but was not paid appropriate spread-of-hours compensation. Compl. ¶¶ 46, 89.

Accordingly, the Court finds that Plaintiff has adequately established his NYLL spread-of-hours claims and is entitled to $1,440.00 in unpaid spread-of-hours pay.

## IV. Damages

In addition to unpaid wages, Plaintiff seeks liquidated damages, prejudgment interest, and attorneys' fees and costs.

### A. Liquidated Damages

Both the FLSA and the NYLL provide for liquidated damages equal to the amount of unpaid wages unless the employer demonstrates that it acted in good faith and had reasonable grounds for believing its actions were lawful *See* 29 U.S.C. §§ 216(b), 260; N.Y. LAB. LAW § 663(1) (McKinney 2024). The employer bears the burden of proving good faith and reasonableness to avoid an award of liquidated damages. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999), *holding modified by Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003) (citing *Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir.1997)).

"Given Defendant['s] default, there is no evidence they acted in good faith." *Asllani v. Hoti*, No. 19-CV-1106 (PGG), 2020 WL 5439761, at *4 (S.D.N.Y. Sept. 10, 2020). Plaintiff is entitled to liquidated damages in the amount of $8,610.07.

### B. Prejudgment Interest

The NYLL permits the award of both liquidated damages and prejudgment interest. *See Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08-CV-6071 (SAS) (AJP), 2009 WL 289653, at *7 (S.D.N.Y. 2009). Prejudgment interest is calculated at a rate of 9% per annum. *Id*. (citing N.Y. C.P.L.R. § 5004). Where "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.* (citing N.Y. C.P.L.R. § 5001). The midpoint of the relevant period of

plaintiff's employment is a reasonable intermediate date for purposes of calculating prejudgment interest. *Id.*

The amount of unpaid wages due to Plaintiff is $8,610.07. The relevant period of employment for those wages is September 2022 through and including July 2023. The midpoint between those dates is February 14, 2023. Prejudgment interest shall be awarded at a daily rate of $2.12 from February 14, 2023 until the entry of this judgment.

### C. Attorneys' Fees and Costs

Under both the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorney's fees. *See* 29 U.S.C. § 216(b); N.Y. LAB. LAW § 663(1) (McKinney 2024). "An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (cleaned up). A plaintiff claiming fees must submit adequate documentation, including billing records containing hours expended and the nature of the work done by each attorney. *See id.*; *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015).

The Court has reviewed counsel's billing records and finds the amount of fees and costs reasonable. Based on the documentation provided by Plaintiff at ECF Nos. 29-2 and 29-3, counsel Jason Mizrahi performed 20.45 hours of billable work at a reasonable hourly rate of $350, for a total amount of $7,157.50. *Perez v. 66 Meat Corp.,* No. 22-CV-7003 (NCM) (JAM), 2024 WL 2716851, at *8 (E.D.N.Y. May 28, 2024), *report and recommendation adopted*, No. 22-CV-7003 (NCM), 2024 WL 3161838 (E.D.N.Y. June 25, 2024) (finding that a rate of $350 per hour is reasonable for Mr. Mizrahi). Including $585.20 for costs incurred for filing fees and effecting service of process, Plaintiff is entitled to $7,742.70 in attorneys' fees and costs.

## CONCLUSION

For the reasons stated herein, the Court GRANTS default judgment against Defendants JHDHA, Inc. and Angel Amigon for (1) minimum wage and overtime violations under the FLSA; (2) minimum wage and overtime violations under the NYLL; and (3) spread-of-hours pay violations under the NYLL. Plaintiff shall be awarded $8,610.07 in unpaid wages, $8,610.07 in liquidated damages, $1,414.04 in prejudgment interest, and $7,742.70 in attorneys' fees and costs.

The Clerk of Court is directed to terminate ECF No. 28 and close the case.

Dated: December 11, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge